1  L. Quintana, Esq. (SBN 157291)
   Gerald E. Sarte (SBN 177639)
2  Quintana McConnin & Sarte LLP
   450 B Street Suite 1430
3  San Diego, CA 92101
   Telephone: 619.231.6655
4  Facsimile: 619.243.0080
5
   Todd C. Atkins (SBN 208879)
6  Atkins & Davidson, APC
   450 B Street, Suite 1430
7  San Diego, CA 92101
   Telephone: (619) 255-2380
8  Facsimile: (619) 231-4984
9
   Attorneys for Plaintiff
10 Annette Greetis

FILED

09 JUL 14 PM 2:04

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13                                    '09 CV 1502 JM JMA

| | |
|---|---|
| 14  Annette Greetis, | Case No.: _____ |
| 15                        Plaintiff, | **COMPLAINT FOR** |
| 16        v. | 1. VIOLATION OF RESPA 12 U.S.C. §2605 *et seq.* |
| 17  National City Mortgage; National City | 2. VIOLATION OF TRUTH-IN-LENDING ACT 15 U.S.C. §1601 *et seq.* |
| 18  Servicing; and all other claimants of | 3. VIOLATION OF BUSINESS & PROFESSIONS CODE 17200 |
| 19  whatsoever kind and character against real property commonly known as 28750 Canyon Road, Valley Center, CA 92082; APN 185- | 4. NEGLIGENT MISREPRESENTATION |
| 20  141-68-00; and DOES 1 through 100 inclusive, | 5. FRAUD |
|  | 6. RESCISSION |
| 21                        Defendants. | 7. QUASI CONTRACT |
| 22  | 8. DETERMINATION OF VALIDITY OF LIEN |
| 23  | **DEMAND FOR JURY TRIAL** |

24
25
26
27
28

ORIGINAL

QMS Law
450 B St., #1430
San Diego, CA 92101

## THE PARTIES

1.    Plaintiff Annette Greetis (hereinafter "Plaintiff" or "GREETIS") is and at all times mentioned herein was an individual, residing in the County of San Diego.  Plaintiff is the owner of certain real property commonly known as 28750 Canyon Road, Valley Center, CA 92082; APN 185-141-68-00, County of San Diego (hereinafter "Subject Property").

2.    Defendant National City Mortgage (hereinafter "National City" or "Originating Lender") is an entity, form unknown, with a principal place of business to be determined in discovery.  National City is, and at all times mentioned was, doing business in the State of California and in the County of San Diego.

3.    Defendant National City Servicing (hereinafter "NC Service" or "Servicer") is an entity, form unknown, with a principal place of business to be determined in discovery.  NC Service is, and at all times mentioned was, doing business in the State of California and in the County of San Diego.

4.    This action pertains to an alleged note, loan and security interest originated by National City Mortgage known as loan # 0004780460 (the "LOAN").

5.    Plaintiff intends this action and this document to represent a formal complaint and also act as a "qualified written request."  This Complaint contains Plaintiff's name, premises address, account numbers, and demands in connection with the subject LOAN as to each originating lender and each subsequent servicer:

    a.  that each lender, servicer, creditor or owner justify any legal right to service, own, be named "creditor" and provide proof that Defendants, and each of them in fact has ownership or other authority regarding the LOAN;

    b.  that each lender, servicer, creditor or owner provide Plaintiff an opportunity to inspect all the original Notes and Deeds relating to the LOAN;

    c.  that each lender, servicer, creditor or owner state and prove that it did not violate Real Estate Settlement Procedures Act ("RESPA") regarding the LOAN, or admit that it violated RESPA;

    d.  that each lender, servicer, creditor or owner identify each and every transfer or sale

QMS Law
450 B St. #1430
San Diego, CA 92101    [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1   to others of any rights in the LOAN, the Subject Property or the Note, along with a

2   copy of each notice provided to Plaintiff of such transfer or sale;

3      e.  that each lender, servicer, creditor or owner in possession of any Truth-in-Lending

4   disclosure, settlement statement or HUD-1 provide a copy of the same to Plaintiff;

5      f.  that each lender, servicer, creditor or owner provide a copy of any notice of

6   cancellation rights, notice of rescission rights, or correspondence or written

7   document discussing cancellation rights or rescission rights to Plaintiff;

8      g.  that each lender, servicer, creditor or owner provide a complete list of all telephone

9   logs, communications logs, and correspondence logs, as well as all recordings,

10  documents and digital versions of the subject matter of these logs to Plaintiff;

11     h.  that each lender, servicer or creditor provide documentation and proof of

12  ownership for all parties currently holding any ownership rights under the note

13  relating to these LOAN, and provide an opportunity to inspect the original note

14  and trust deed under which each lender, servicer or creditor claims any rights to

15  receive payments.

16     6.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

17  DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. DOES

18  1-100 at all times relevant herein were employees and/or agents of Defendants and each of them.

19  Plaintiff will designate each DOE Defendant and serve them with this Complaint when their true

20  names and capacities have been ascertained. Plaintiff alleges that each of said Defendants designated

21  as a DOE is legally responsible in some manner for the events and happenings herein referred to and

22  caused or is responsible in some manner for the damages proximately caused hereby.

23     7.    Plaintiff is informed and believes that at all times mentioned herein all of Defendants

24  acted in concert with the other Defendants named in this Complaint in the wrongful and improper

25  activities alleged and, therefore, are responsible for the damages as alleged by Plaintiff. Plaintiff is

26  further informed and believes that at all times mentioned herein each individual, employee and

27  person named in this Complaint was the agent and/or employee of each of the remaining Defendants

28  and/or Defendant Employers, and acted in concert for the purpose of injuring Plaintiff as alleged

COMPLAINT

[Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1    herein.

2    8.    Plaintiff is further informed and believes that at all times mentioned herein each

3 Defendant and individual named in this Complaint was acting within the course and scope of that

4 relationship. Plaintiff is further informed and believes, and thereon alleges, that each of Defendants

5 herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining

6 Defendants. Plaintiff is informed and believes that at all times mentioned herein, that all Defendants

7 are liable for the actions of each of the individuals mentioned herein.

8    9.    Plaintiff is informed and believes and thereon alleges that at all times mentioned

9 herein, Defendants have pursued a common course of conduct, acted in concert with, and conspired

10 with, each other, and have aided and abetted one another to accomplish the wrongs complained

11 herein.

12 <center>**JURY TRIAL DEMANDED**</center>

13    Plaintiff complains against Defendants herein and demands a trial by jury on all issues.

14 <center>**JURISDICTION AND VENUE**</center>

15    10.    This Court has jurisdiction pursuant to 28 U.S.C. 1331 under the following statutes:

16 the Truth-in-Lending Act, 15 U.S.C. 1601 *et seq.* ("TILA") and RESPA 12 U.S.C. §2605 and 12

17 U.S.C. §2601 *et seq.*

18    11.    In addition, this Court has supplemental jurisdiction over all state claims alleged

19 herein pursuant to 28 U.S.C. §1367.

20    12.    Venue in this district is proper pursuant to 28 U.S.C §1391(b) because Plaintiff resides

21 in this district, Defendants do business in this district, the Subject Property is in this district, and all

22 events in question took place in this district.

23 <center>**FACTS COMMON TO ALL CAUSES OF ACTION**</center>

24    13.    At the request of National City and others, Plaintiff obtained loan #0004780460 from

25 National City on or about August 8, 2006.

26 <center>**LOAN ORIGINATION**</center>

27    14.    Plaintiff is informed and believes that the wrongful acts of Defendants include

28 violations of federal and state law before the initiation of the LOAN as well as during the servicing

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

period of the LOAN:

    a. Prior to the funding of the LOAN, National City represented to Plaintiff that very favorable loans, loan terms and interest rates were available to her;

    b. As a result, National City Mortgage and other Defendants convinced Plaintiff to refinance the Subject Property and to take out financing for that purpose with National City, the LOAN;

    c. Plaintiff is further informed and believes that National City and other Defendants knew or intended that Plaintiff receive a worse loan, and that the worse loan produced a higher commission for them because it was at a higher interest rate and subject to higher fees;

    d. Defendants represented that financing charges were low and refinancing would be available at any time without severe penalties, and that the loan, note, and payment obligations were affordable to Plaintiff.

    e. Plaintiff is further informed and believes that National City and Defendants knew or should have known that in the event of Plaintiff's inability to perform on the LOAN, prepayment penalties, commissions and other foreseeable charges to Plaintiff would constitute an additional payment stream to the benefit of Defendants.

15. Although National City and other persons made certain representations regarding the LOAN, in actuality, the LOAN was not as represented because among other things:

    a. It was at a higher interest rate than what was represented;

    b. The payments were higher than the payment as represented to and agreed upon by Plaintiff;

    c. There was less equity in the Subject Property than represented;

    d. There was less money available to Plaintiff than represented;

    e. The LOAN subsequently became unaffordable for Plaintiff; and

    f. Plaintiff was accordingly put into a mortgage all without Plaintiff's informed consent.

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

16.     Plaintiff is informed and believes that Defendants failed to provide Plaintiff with the proper disclosures required under federal and state law:

    a.   Defendants did not provide to Plaintiff a proper notice of right to cancel at the time of the transaction;

    b.   Defendants did not provide to Plaintiff accurate disclosures of the costs of financing, the Annual Percentage Rate ("APR"), the payment obligations, or the type of loan at the time of the transaction;

    c.   A "SAMPLE" Settlement Statement is documented, but it does not show essential numbers and has "SAMPLE" printed on all the signature lines.  As such, it cannot qualify as a HUD-1 disclosure;

    d.   Defendants did not provide to Plaintiff a proper notice of right to cancel subsequent to the time of the transaction;

    e.   Defendants did not provide to Plaintiff accurate disclosures of the costs of financing, the APR, the payment obligations, or the type of loan subsequent to the time of the transaction; and

    f.   Defendants charged excessive amounts to Plaintiff in conjunction with the loan origination including but not limited to:

        i.   Numerous disclosed fees and charges purporting to be reasonable and to reflect the actual costs and values of the same, but actually constituting profit lines to the Defendants;

        ii.  Excessive fees and prepayment penalties were not included in the calculation of the APR or in the disclosures to Plaintiff, and were disclosed in misleading fashion; and

        iii. Other unknown and undisclosed fees, commissions, premiums and compensation.

17.     Plaintiff is informed and believes Defendants took unfair advantage of Plaintiff because they knew Plaintiff trusted them and was susceptible to their undue influence:

    a.   Plaintiff is an elderly lady.

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101       [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

18. Plaintiff is informed and believes that Defendants National City, NC Service and other Defendants received Qualified Written Requests regarding the LOAN from Plaintiff and failed to adequately respond to Plaintiff's requests for information, which would have enabled Plaintiff an opportunity to work out the LOAN:

    a. Plaintiff has requested information from Servicer including sending a qualified written request, but Servicer has not responded, preventing Plaintiff from addressing and resolving this dispute.

## LOAN SERVICING

19. Plaintiff is informed and believes that Defendants National City, NC Service and other Defendants failed to fulfill their lawful obligations regarding servicing of the LOAN:

    a. Servicer failed to provide notice of transfer of lending operations to a new entity and also imposed late fees within 60 days of transfer.

20. Plaintiff is informed and believes that Defendants further took advantage of Plaintiff while Plaintiff made extensive efforts in good faith to resolve the disputed issues while Defendants sought to obtain information for debt collection purposes and to further exert influence over Plaintiff:

21. Furthermore, Plaintiff is informed and believes that National City, and other Defendants and/or their agents breached their duties of care to Plaintiff by, among other things, the following:

    a. Defendants failed to provide a settlement statement and other essential documents to Plaintiff;

    b. Defendants failed to complete a loan application;

    c. Defendants did not provide a HUD-1 at the time of closing;

    d. Defendants' agents originated the LOAN without reasonable review and analysis of Plaintiff's income;

    e. Defendants' agents purported to establish a loan modification without reasonable review and analysis of Plaintiff's income;

    f. The programs offered by National City was a stated income stated asset loan. Plaintiff is informed and believes that National City did not verify employement or

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101
[Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1    ask for business license or DBA ("doing business as").  The Account Executive for
2    National City informed Plaintiff that she could refinance because the market was
3    going up, and that she did not have to prove anything on the loan application; and

4    g.  A blank Form 1003 fails to list employment, assets or employer.

5    22.    At the time the LOAN was executed, predatory lending behavior evidenced by
6    Defendants includes, but is not limited to, the following:

7    a.  Falsifying loan applications (particularly regarding income level);

8    b.  Forging signatures on loan documents (such as required disclosures);

9    c.  Paying off lower-income mortgages;

10   d.  Engaging in abusive collection practices; and

11   e.  National City's upper management told their account executive to instruct  Broker
12       to have one of his loan officers sign back of the Form 1003 and that National City
13       would execute the LOAN.  The LOAN was a stated income and stated asset loan
14       offered by National City Mortgage according their lending guidelines.

15   23.    Furthermore, Plaintiff is informed and believes that National City, and other
16   Defendants and/or their agents willfully deceived Plaintiff by, among other things, the following:

17   a.  Defendants provided a Good Faith Estimate ("GFE") with a date of July 3, 2006,
18       and a "revised date" of August 8, 2006, which rendered the disclosure and date
19       indecipherable to Plaintiff;

20   b.  Defendants provided false and misleading documents and documents in a language
21       that Defendants reasonably knew would be incomprehensible to Plaintiff;

22   c.  Defendants represented that the interest rate would be less than be 6% when in fact
23       it was greater than 7%;

24   d.  Defendants provided loan payment examples as purported disclosures of payment
25       obligations that were incomprehensible; and

26   e.  Loan payment examples involved complicated extrapolation to calculate for the
27       actual loan using a confusing table disclosure.

28   24.    Plaintiff notified National City and NC Service of the defects in the LOAN and of

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101    [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1  Plaintiff's right and desire to rescind the LOAN.

2      25.    Plaintiff is informed and believes that the loan securitization process has created a
3  situation where no single entity has complete ownership of the LOAN, or even sufficient authority to
4  negotiate a workout or modification to the LOAN.  As a result the Originating Lender, unknown
5  investors and one or more servicers all entered into servicing agreements with an entity that cannot
6  speak for the LOAN.  NC Service represented that it had the right and authority to foreclose on the
7  Subject Property.  Plaintiff is informed and believes that this representation was false because all of
8  NC Service's rights regarding the LOAN are derivative of rights held by unknown investors whose
9  rights are themselves dependent on the rights of the Originating Lender who perpetrated the initiation
10  of the LOAN.  Plaintiff is informed and believes that NC Service falsely, wrongfully, and either
11  negligently or intentionally represented to Plaintiff and to others that it had authority to service,
12  collect, negotiate, work-out, and foreclose the LOAN notwithstanding the deficiencies with the
13  LOAN.

14      26.    Plaintiff is informed and believes that the LOAN and related contracts contain
15  conflicting terms that are not reasonably comprehensible by a consumer, possibly including but not
16  limited to the Note, Addenda, Trust Deed, Rider(s), TILA, Estimated Settlement Statement(s), Final
17  Settlement Statement(s), Escrow Instruction(s), all containing complicated and in many cases
18  contradictory terms.

19      27.    Plaintiff relied on the representations of National City and other Defendants as alleged
20  herein because Plaintiff reasonably believed that Defendants are licensed banks, real estate agencies,
21  and/or mortgage companies, and are fiduciaries of Plaintiff, owing Plaintiff duties of utmost care,
22  loyalty, professionalism and to conduct all real estate transactions herein without violating any of the
23  fiduciary duties owed to Plaintiff.

24      28.    National City and other Defendants breached their fiduciary obligations owed to
25  Plaintiff, were negligent, made negligent misrepresentations, intentional misrepresentations, breached
26  their contract with Plaintiff, were professionally negligent and caused Plaintiff damages.

27      29.    Plaintiff is informed and believes that NC Service and other Defendants purchased or
28  otherwise acquired unknown rights and/or responsibilities relating to Plaintiff's LOAN from National

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101   [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1   City at some date unknown to Plaintiff. All such rights and responsibilities depend on the rights of

2   National City and are meaningless and unenforceable if the rights of National City are unenforceable.

3        30.   Plaintiff is informed and believes that NC Service and/or any entity that owns any

4   rights as to the LOAN, steps into the shoes of the Originating Lender, National City, with respect to

5   the deficiencies in the loan documents as well as the failure to provide Plaintiff with suitable

6   disclosures and contract terms. NC Service, and/or any entity that owns any rights as to the LOAN,

7   cannot take any action on the LOAN that the Originating Lender would have been prevented from

8   taking due to the deficiencies in the LOAN. Plaintiff is informed and believes that NC Service,

9   and/or any entity that owns any rights as to the LOAN, is contractually liable for the deficiencies at

10  the originating stage of the LOAN. NC Service is a necessary party to this action to resolve the

11  respective interests of the parties over the Subject Property.

12       31.   As a proximate result of Defendants' conduct as herein alleged, Plaintiff sustained

13  damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of

14  credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial. As

15  a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has

16  suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental

17  and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

18       32.   Plaintiff's damages included but are not limited to:

19            a.  Excessive fees, charges, penalties and interest.

20       33.   Each Defendant herein is responsible for the acts of other Defendants and their

21  predecessors based on the doctrine of *respondeat superior*. Further, each Defendant herein is

22  responsible for the acts of other Defendants because each Defendant negligently supervised the other

23  Defendants and is therefore directly responsible for the acts of the other Defendants.

24       34.   All Defendants are agents, employees and other fiduciaries of each other as set forth

25  within. Each of the wrongful acts by Defendants against Plaintiff set forth within were done in the

26  scope of employment. Defendants were acting as agents and employees and in the transaction of the

27  business of the employment or agency when performing their wrongful actions. Defendants are

28  therefore directly, jointly and severally liable to Plaintiff for the actions of National City, NC Service,

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1   the employees of said parties, and all other Defendants as set forth within.

2       35.   The aforementioned conduct of Defendants was an intentional misrepresentation,

3   deceit, or concealment of a material fact known to Defendants with the intention on the part of

4   Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and

5   was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard

6   of Plaintiff's rights, so as to justify an award of exemplary and punitive damages, as well as attorney

7   fees and costs.

8                          **FIRST CAUSE OF ACTION**

9                     **VIOLATION OF RESPA 12 U.S.C. § 2605**

10      36.   Plaintiff incorporates by this reference each and every allegation contained in all

11  foregoing paragraphs, as though set forth in full herein.

12      37.   Defendants National City, NC Service and other Defendants failed to adequately

13  respond to Plaintiff's requests for information regarding the LOAN and for an opportunity to work

14  out the LOAN.

15      38.   Defendants National City, NC Service, and other Defendants failed to adequately

16  respond to Plaintiff's Qualified Written Requests in violation of RESPA.

17      39.   Plaintiff is informed and believes that Defendants National City, and other Defendants

18  violated RESPA at the origination of the LOAN in various ways including but not limited to the

19  following:

20              a.   A "SAMPLE" Settlement Statement is documented, but it does not show essential

21                   numbers and has "SAMPLE" printed on all the signature lines.  As such, it cannot

22                   qualify as a HUD-1 disclosure.

23      40.   As a proximate result of the negligent conduct of Defendants and their failures as

24  herein alleged, Plaintiff sustained damages, including monetary loss, medical expenses, emotional

25  distress, loss of employment, loss of credit, loss of opportunities, and other damages to be determined

26  at trial.  As a proximate result of Defendants' breach of duty and all other actions as alleged herein,

27  Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment,

28  and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1    trial. Plaintiff seeks to recover all possible damages Plaintiff is entitled to recover pursuant to

2    RESPA, including statutory and punitive damages if possible.

### SECOND CAUSE OF ACTION

### VIOLATION OF TRUTH-IN-LENDING ACT 15 U.S.C. § 1601 *et seq.*

5        41.    Plaintiff incorporates by this reference each and every allegation contained in all

6    foregoing paragraphs, as though set forth in full herein.

7        42.    All Defendants have fraudulently concealed facts upon which the existence of

8    Plaintiff's claim for Negligent Misrepresentation is based, and as such, the statute of limitations is

9    equitably tolled as to this Cause of Action.

10       43.    This consumer credit transaction was subject to Plaintiff's right of rescission as

11   described by 15 U.S.C. § 1635(a) and Regulation Z § 226.23 (12 C.F.R. § 226.23).

12       44.    More particularly, the same Defendants violated 15 U.S.C. § 1635(a) and Regulation

13   Z § 226.23(b) with regards to the purported Notice of Right to Cancel. As a consequence of this

14   action, the Notice of Right to Cancel documentation furnished to Plaintiff to failed to:

15           a.  Correctly identify the transaction;

16           b.  Clearly and conspicuously disclose Plaintiff's right to rescind the transaction three

17               days after delivery of all required disclosures;

18           c.  Clearly and conspicuously disclose how to exercise the right to rescind the

19               transaction, with a form for that purpose;

20           d.  Clearly and conspicuously disclose the effects of rescission; and

21           e.  Clearly and conspicuously disclose the date the rescission period expired.

22       45.    Furthermore, Plaintiff is informed and believes that National City and NC Service

23   violated TILA at the time of origination because, among other things:

24           a.  The interest rate on the note and the Truth-in-Lending disclosure were deceptively

25               presented and not consistent.

26           b.  The APR was not correctly calculated.

27           c.  The required payments to the lender were not fully disclosed.

28       46.    Plaintiff is informed and believes that Defendants' violation of the provisions of law

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1 rendered the credit transaction null and void, invalidates Defendants' claimed interest in the Subject

2 Property, and entitles Plaintiff to damages as proven at trial.

## THIRD CAUSE OF ACTION

### UNFAIR COMPETITION UNDER BUSINESS & PROFESSIONS CODE § 17200

5     47.   Plaintiff incorporates by this reference each and every allegation set forth in all

6 foregoing paragraphs, as though set forth in full herein.

7     48.   Defendants have engaged in business practices that are unlawful, unfair and

8 fraudulent.

9     49.   Defendants' business practices are unlawful as the activities alleged herein, i.e. those

10 described in the foregoing causes of action, are forbidden by law.

11     50.   Defendants' business practices are unfair because they offend public policy, are

12 immoral, unethical, oppressive, and substantially injurious to consumers. Defendants, with little to

13 no regard to Plaintiff's financial condition, executed and serviced the LOAN. Simultaneously,

14 Plaintiff was unaware that LOAN was unaffordable to Plaintiff given the oral representations to the

15 contrary made by Defendants, as well as the volume, complexity and incomprehensible nature of

16 LOAN documents provided by Defendants to Plaintiff.

17     51.   Further, Defendants' business practices can be classified as unfair on the additional

18 grounds that the damage accruing to Plaintiff as a result of the defective LOAN significantly

19 outweighs the reasons, justifications and motives of Defendants in executing and servicing the

20 LOAN. Due to the LOAN, Plaintiff is burdened with a higher interest rate, a mortgage that did not

21 pay off the debts (as Defendants promised it would) and the period of Plaintiff's mortgage is longer

22 than it should be; in return, Defendants and each of them have unfairly and unlawfully received

23 commissions, fees and payments from Plaintiff.

24     52.   Finally, Defendants business practices were fraudulent because their activities were

25 deceptive to the public. Among other things, Defendants represented to Plaintiff that very favorable

26 loans, loan terms and interest rates were available, when in fact, they were not.

## FOURTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

QMS Law
450 B St. #1430
San Diego, CA 92101    [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

53. Plaintiff incorporates by this reference each and every allegation contained in all foregoing paragraphs, as though set forth in full herein.

## Count 1

### (Against Defendant National City)

54. National City made material misrepresentations to Plaintiff which include, but are not limited to, those listed above.

## Count 2

### (Against Defendant NC Service)

55. NC Service aided, abetted and was in a contractual relationship with National City and other investors as to downstream transactions regarding transfer and servicing of the LOAN.

## Count 3

### (Against Defendants NC Service and DOES)

56. After the LOAN, was were deficient at the origination stage, was transferred to NC Service, NC Service initiated foreclosure proceedings against Plaintiff. NC Service made a misrepresentation of material fact by representing to Plaintiff that it had the authority and right to foreclose on the LOAN, when in fact, it did not.

57. Plaintiff received a Notice of Trustee's Sale from Cal-Western Reconveyance Corporation ("CWRC"). NC Service authorized CWRC to proceed with a Trustee's Sale on the Subject Property, which was to take place on or about February 17, 2009. By authorizing the Notice of Trustee's Sale, NC Service falsely and negligently represented to Plaintiff that it had the authority to foreclose on the LOAN.

58. Plaintiff is informed and believes that the representations of NC Service were false since NC Service knew or should have known that it did not have the authority or right to foreclose on the LOAN that was deficient at the origination stage.

59. If any of Defendants' misrepresentations made herein were not intentional, said misrepresentations were negligent. When Defendants made the representations alleged herein, they had no reasonable ground for believing them to be true.

60. Defendants made these representations with the intention of inducing Plaintiff to act in

QMS Law
450 B St. #1430
San Diego, CA 92101    [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1 reliance on these representations in the manner hereafter alleged, or with the expectation that Plaintiff
2 would so act.

3      61.   Plaintiff, unaware of the complexities and/or defects involved in the subsequent
4 transactions between Defendants that occurred after Plaintiff entered into the LOAN, justifiably
5 relied on NC Service's representations that it had the authority to foreclose on the LOAN.

6      62.   As a proximate result of the negligent misrepresentations of Defendants as herein
7 alleged, Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress,
8 loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages
9 to be determined at trial. As a proximate result of Defendants' breach of duty and all other actions as
10 alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation,
11 embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to
12 be established at trial.

### FIFTH CAUSE OF ACTION

### FRAUD

15      63.   Plaintiff incorporates by this reference each and every allegation contained in all
16 foregoing paragraphs, as though set forth in full herein.

17      64.   Plaintiff is informed and believes that National City, NC Service and other Defendants
18 made various false misrepresentations to Plaintiff regarding the LOAN and induced Plaintiff to enter
19 into the LOAN.   NC Service assumed the responsibilities and duties owed to Plaintiff by
20 purchasing/assuming the LOAN. National City, NC Service, and other Defendants are responsible
21 for the false misrepresentations made by National City, NC Service, their predecessors and other
22 Defendants herein.   Defendants and each of them are successors in interest to National City, NC
23 Service, to each other, and other responsible parties.   All Defendants and each of them acted in
24 concert with respect to defrauding Plaintiff.

### Count 1

### (Against Defendant National City)

27      65.   Plaintiff is informed and believes that Defendants made various misrepresentations of
28 material fact with respect to the LOAN, and induced Plaintiff to rely on said misrepresentations.

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101    [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1    These misrepresentations were representations of material fact with respect to the period of the

2    mortgages, the interest rates and other terms of the mortgages. The representations made to Plaintiff

3    by Defendants were in fact false.

4    66.    Plaintiff is informed and believes that all Defendants herein intended to induce

5    Plaintiff's reliance on the facts misrepresented, and variously misinformed Plaintiff regarding the

6    terms of the LOAN as alleged herein so that Plaintiff would enter into the financing agreements and

7    so that they could cause Plaintiff to agree to the LOAN. National City, NC Service and other

8    Defendants are successors in interest to Plaintiff's LOAN as alleged herein and each and all of them

9    also intended to induce Plaintiff to accept the LOAN and to continue on with the fraudulent LOAN.

10   67.    Defendants knew or should have known that the representations made in their

11   correspondences were in violation of RESPA. Defendants knew or should have known that the

12   representations made by Defendants in an attempt to convince Plaintiff to take out the LOAN were

13   false.

14   68.    In justifiable reliance on Defendants' and each of their various misrepresentations,

15   Plaintiff did take out the LOAN on the Subject Property, Plaintiff is burdened with a higher interest

16   rate, Plaintiff is burdened with a mortgage that did not pay off the debts as Defendants promised they

17   would do, the period of Plaintiff's mortgage is longer than it should be, Plaintiff is now burdened with

18   the unlawful LOAN and Plaintiff has suffered damages as a result.

19   69.    At the time Defendants and their predecessors herein made the promises and

20   representations to Plaintiff, Defendants and their predecessors herein had no intention of performing

21   the promises.

22   70.    The promises were made by Defendants and their predecessors with the intent to

23   induce Plaintiff to take out the LOAN and take other actions so that Defendants and each of them

24   could make their respective profits, commissions, yield spread premiums, sales quotas and gain other

25   beneficial financial interests including but not limited to prepayment penalties, late payment

26   penalties, surcharges and other fees.

27   71.    Plaintiff, at the time these promises were made and at the time Plaintiff took the

28   actions herein alleged, was ignorant of Defendants' secret intentions not to perform, ignorant of

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101    [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1   Defendants' false representations stated herein, and Plaintiff could not, in the exercise of reasonable

2   diligence, have discovered Defendants' secret intentions and false representations. In reliance on the

3   promises of Defendants and their predecessors, Plaintiff signed various documents, ultimately ending

4   up with the LOAN.

5       72.    Defendants and their predecessors are reputable real estate companies doing business

6   in California, and Plaintiff justifiably relied on their representations. Defendants and their

7   predecessors are/were all real estate agents and other licensed professionals that worked for

8   Defendants.

9       73.    Plaintiff, at the time these representations were made by Defendants and their

10  predecessors, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of

11  the misrepresentations and believed them to be true. In reliance on these representations, Plaintiff was

12  induced to take out the LOAN, be burdened with fraudulent LOAN, and other actions. Had Plaintiff

13  known the actual facts, Plaintiff would not have taken such action.

14      74.    As a proximate result of the fraudulent conduct of Defendants as herein alleged,

15  Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of

16  employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be

17  determined at trial. As a proximate result of Defendants' breach of duty and all other actions as

18  alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation,

19  embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to

20  be established at trial.

21      75.    The aforementioned conduct of Defendants was an intentional misrepresentation,

22  deceit, or concealment of a material fact known to Defendants with the intention on the part of

23  Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and

24  was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard

25  of Plaintiff's rights, so as to justify an award of exemplary and punitive damages, as well as attorney

26  fees and costs.

27                          **Count 2**

28            **(Against Defendants NC Service and DOES)**

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101    [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

76. Defendants made various representations of material fact with respect to the LOAN, and induced Plaintiff to rely on said misrepresentations.

77. After the LOAN was transferred to NC Service, it threatened and/or initiated foreclosure proceedings against Plaintiff.

78. Defendants represented among other things that:

    a. The LOAN was validly entered into and properly initiated free of unlawful or fraudulent inducements;

    b. Defendants had proper authority to foreclose on the LOAN.

79. The representations made to Plaintiff by Defendants were in fact false.

80. Plaintiff is informed and believes that Defendants intended to induce Plaintiff's reliance on the facts misrepresented, and variously misinformed Plaintiff regarding the terms and validity of the LOAN as alleged herein.

81. Defendants knew or should have known that the representations made in its correspondences were in violation of state and federal law.

82. In justifiable reliance on Defendants' and each of their various misrepresentations, Plaintiff attempted to continue making payments on the LOAN, made payments or partial payments, spent substantial time attempting to contact and/or negotiate with Defendants as to possible modification and workout options, and endured the emotional hardship incident the threat of losing one's home.

83. Plaintiff, when confronted with the threat of foreclosure and at the time Plaintiff took the actions herein alleged, was ignorant of Defendants' inability to lawfully foreclose and its false representations stated herein. Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendants' secret intentions and false representations. In reliance on the statements of Defendants and their predecessors, Plaintiff attempted to continue making payments on the LOAN to Plaintiff's detriment and Defendants' benefit.

84. At the time Defendants and their predecessors herein made the statements and representations to Plaintiff, Defendants and their predecessors could not lawfully perform; namely, Defendants lacked the legal authority to foreclose on the LOAN.

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

85.     The promises were made by Defendants and their predecessors with the intent to make their respective profits, commissions, sales quotas and gain other beneficial financial interests including but not limited to prepayment penalties, late payment penalties, surcharges and other fees.

86.     Defendants and their predecessors are reputable federally recognized financial companies doing business in California, and Plaintiff justifiably relied on their representations. Defendants and their predecessors are/were all financiers that worked for Defendants.

87.     Plaintiff, at the time these representations were made by Defendants and their predecessors, and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of the misrepresentations and believed them to be true.  In reliance on these representations, Plaintiff was induced to continue making payments on the LOAN and initiate negotiations as to a modification on the LOAN.  Had Plaintiff known the actual facts, Plaintiff would not have taken such action.

88.     As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial.  As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

89.     The aforementioned conduct of Defendants was an intentional misrepresentation, deceit, or concealment of a material fact known to Defendants with the intention on the part of Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages, as well as attorney fees and costs.

## SIXTH CAUSE OF ACTION
### RESCISSION

90.     Plaintiff incorporates by this reference each and every allegation contained in all foregoing paragraphs, as though set forth in full herein.

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101

[Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

91.     Plaintiff is entitled to rescind the LOAN because the note and contract were defectively and/or fraudulently consummated in violation of applicable laws.

92.     Plaintiff is informed and believes that Defendants do not have and cannot produce an original deed and an original note relating to the LOAN.

93.     Plaintiff had a continuing right to rescind the transaction until the third business day after receiving both a proper and accurate cancellation rights notice and all "material" disclosures described in the preceding paragraph, pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3), up to three years after consummation of the transaction.

94.     Based on the violations of Defendants of 15 U.S.C. § 1635, Plaintiff suffered actual damages in an amount exceeding the jurisdictional minimum of this Court and to be determined at trial in the form of prepaid interest and charges delivered to  and additional damages in the form of payments, interest, fees, and charges paid by Plaintiff on the LOAN.  Plaintiff is entitled to additional relief under 15 U.S.C. § 1640 pursuant to 15 U.S.C. § 1635(g).

95.     As a proximate result of the conduct of Defendants as herein alleged, Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial.  As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm, humiliation, embarrassment, and mental and physical pain and anguish, all to Plaintiff's damage in an amount to be established at trial.

## SEVENTH CAUSE OF ACTION

### QUASI CONTRACT

96.     Plaintiff incorporates by this reference each and every allegation contained in all foregoing paragraphs, as though set forth in full herein.

97.     Plaintiff is informed and believes that a contractual relationship exists between Plaintiff and NC Service because rights and obligations under the Note between Plaintiff and National City have been transferred from National City to other currently unidentified investors, and then to NC Service.  Plaintiff is informed and believes that the current investors claiming to own the

QMS Law
450 B St. #1430
San Diego, CA 92101     [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1 Note have entered into a contractual relationship with NC Service conveying rights and assigning

2 responsibilities relating to the note and to Plaintiff.

3     98.   Alternatively, if no contractual chain establishes that a contractual relationship exists

4 between Plaintiff and NC Service, Plaintiff is informed and believes that a quasi-contractual

5 relationship exists between Plaintiff and NC Service because, among other things, NC Service has

6 demanded that Plaintiff make payments to NC Service on the Note and NC Service has stated and

7 implied that Plaintiff has a contractual obligation to pay NC Service. Plaintiff has requested

8 information regarding the terms of the arrangement between NC Service and the actual owners of the

9 Note but NC Service has failed and refused to provide the information. Plaintiff will seek leave to

10 amend this pleading when the relevant information is obtained in discovery.

11     99.   All Defendants received benefits from Plaintiff in the form of commissions, rebates,

12 portions of payment streams, fees, charges or other compensation deriving from the original defective

13 loan documents.

14     100.   Plaintiff is informed and believes that NC Service has received fees, costs,

15 commissions, payments, and/or other money.

16     101.   Plaintiff is informed and believes that NC Service has received fees, costs,

17 commissions, payments, and/or other money which each Defendant has unjustly retained.

18     102.   Plaintiff alleges that Plaintiff paid fees, costs, commissions, payments, and/or other

19 money to Defendants under the mistaken belief that Plaintiffshewas under a duty to do so to

20 Plaintiff'sher detriment, and as a result of the payment of such funds Plaintiff has suffered financially.

21     103.   By their misrepresentations, omissions and other wrongful acts alleged heretofore,

22 Defendants, and each of them, were unjustly enriched at the expense of Plaintiff, and Plaintiff was

23 unjustly deprived, and is entitled to restitution.

**EIGHTH CAUSE OF ACTION**

**DETERMINATION OF VALIDITY OF LIEN**

26     104.   Plaintiff incorporates by this reference each and every allegation contained in all

27 foregoing paragraphs, as though set forth in full herein.

28     105.   Plaintiff is informed and believes and alleges that the defective documentation, false

QMS Law
450 B St. #1430
San Diego, CA 92101    [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1  representations and/or fraud that induced Plaintiff to enter into the LOAN render the security interest

2  invalid and unenforceable.

3     106.   Plaintiff prays for a determination that the lien is void *ab initio*, and a declaratory

4  order of the same.

5     107.   Defendants' claim to Subject Property is adverse to Plaintiff's.

6     108.   Because of the wrongful acts alleged herein, Defendants, and each of them, have

7  forfeited any and all interest in the Subject Property.

8                              **PRAYER FOR RELIEF**

9     WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

10  A.     IF THIS COURT determines that Defendants violated TILA at the inception, then Plaintiff

11  requests that this Court find that the alleged Note and Lien are invalid and order as follows:

12     1.     For immediate cease and desist order enjoining all Defendants, and each of them, their

13            agents, servants, heirs, DBAs, FKAs, corporate affiliates, subsidiaries, employees, and

14            all persons or entities acting under, in concert with, or on their behalf in any capacity

15            from selling or conveying or attempting to sell or convey any interest whatsoever that

16            Plaintiff may have in the real property commonly known as 28750 Canyon Road,

17            Valley Center, CA 92082 or relating to the LOAN.

18     2.     For preliminary injunction and permanent injunction, enjoining all Defendants, and

19            each of them, their agents, servants, heirs, DBAs, FKAs, corporate affiliates,

20            subsidiaries, employees, and all persons or entities acting under, in concert with, or on

21            their behalf in any capacity from selling or conveying or attempting to sell or convey

22            any interest whatsoever that Plaintiff may have in the real property commonly known

23            as 28750 Canyon Road, Valley Center, CA 92082, relating to the LOAN, which is

24            presently unknown to Plaintiff;

25     3.     That the deed of trust securing the Subject Property and securing the LOAN, be

26            rescinded and Plaintiff's Deed of Trust immediately restored to Plaintiff;

27     4.     That Plaintiff's credit standing be fully restored in relation to the LOAN;

28     5.     That any and all Notice of Intent to Foreclose issued by any Defendants or agents of

QMS Law
450 B St. #1430
San Diego, CA 92101   [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

1   Defendants relating to 28750 Canyon Road, Valley Center, CA 92082 be rescinded;

2   6.   That title to the property commonly known as 28750 Canyon Road, Valley Center, CA

3   92082, be restored to Plaintiff in the name of "Annette Greetis"; and

4   7.   That the LOAN be forgiven in their entirety;

5   B.   IF THIS COURT determines that Plaintiff has a right to properly rescind the LOAN, then

6   Plaintiff requests that this Court order:

7   8.   That Plaintiff's credit standing be fully restored in relation to the LOAN;

8   9.   That any and all Notice of Intent to Foreclose issued by any Defendants or agents of

9   Defendants relating to 28750 Canyon Road, Valley Center, CA 92082 be rescinded;

10   10.   That Defendants provide an accounting of all amounts charged to Plaintiff or paid by

11   Plaintiff relating to the LOAN;

12   11.   That Defendants promptly pay said amounts to Plaintiff;

13   12.   That the LOAN and related notes be forgiven in their entirety; and

14   13.   That Defendants receive and accept title to the Subject Property from Plaintiff.

15   C.   Under all alternatives, Plaintiff prays:

16   14.   That this Court grant judgment in favor of Plaintiff against all Defendants;

17   15.   For all damages and remedies Plaintiff is entitled to recover under RESPA;

18   16.   For all damages and remedies Plaintiff is entitled to recover under TILA;

19   17.   For judgment that Plaintiff is entitled to compensation of the full value of the Subject

20   Property;

21   18.   For compensatory damages according to proof, including lost credit, lost earnings and

22   other employee benefits, medical expenses, emotional distress, humiliation, mental

23   anguish, and other compensatory damages;

24   19.   For general damages according to proof;

25   20.   For special damages according to proof;

26   21.   For interest on damages according to proof;

27   22.   For prejudgment interest on such damages as provided by law;

28   23.   For attorney fees incurred by Plaintiff;

COMPLAINT

QMS Law
450 B St. #1430
San Diego, CA 92101   [Fed Cmp r05 38016]

Copyright 2008 QMSLaw All Rights Reserved

24. For costs of suit incurred by Plaintiff; and

25. For such other and further relief as the Court deems proper.

Dated: July 14, 2009                          Quintana McConnin & Sarte LLP

                                              By: _____
                                              L. Quintana, Esq.
                                              Attorney for Plaintiff
                                              Annette Greetis

QMS Law
450 B St. #1430
San Diego, CA 92101      [Fed Cmp r05 38016]

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ANETTE GREETIS

**DEFENDANTS**
Nation City Mortgage

FILED
09 JUL 14 PM 2:04
SOUTHERN DISTRICT OF COURT
CALIFORNIA
BY: ___
DEPUTY

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
L. Quiintana, Esq,   Telephone: (619) 231-6655
450 B Street, Suite 1430, San Diego, CA 92101

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

'09 CV 1502 JM JMA

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1601; 12 USC 2605
Brief description of cause:
Consumer mortgage-related RESPA and TILA violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 470,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ___
DOCKET NUMBER ___

DATE
07/14/2009

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # 1989  AMOUNT 350   APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

7/14/09

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS002989
Cashier ID: sramirez
Transaction Date: 07/14/2009
Payer Name: QUINTANA LLP
----------------------------------
CIVIL FILING FEE
 For: GRETTIS V. NC MORTGAGE
 Case/Party: D-CAS-3-09-CV-001502-001
 Amount:       $350.00
----------------------------------
CHECK
 Check/Money Order Num: 1009
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.