# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE GREETIS, <br><br> Plaintiff, <br> vs. <br><br> NATIONAL CITY MORTGAGE; <br> NATIONAL CITY SERVICING, <br><br> Defendants. | CASE NO. 09cv1502 JM(JMA) <br><br> ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Defendants National City Bank, d.b.a. National City Mortgage, and Home Loan Services, Inc., erroneously sued as National City Servicing, move to dismiss all of Plaintiff's claims in this foreclosure action. Plaintiff Annette Greetis opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted with 20 days leave to amend from the date of entry of this order.

## BACKGROUND

On July 14, 2009 Plaintiff commenced this federal question action by alleging two federal claims for violation of RESPA, 12 U.S.C. §2605 et seq. and violation of the Truth In Lending Act ("TILA"), 15 U.S.C. §1601 et seq., and six state law claims for violation of Cal. Bus. Prof. Code §17200, negligent misrepresentation, fraud, rescission, quasi contract, and determination of validity of lien. Plaintiff also seeks an order

enjoining any foreclosure proceedings from continuing.

Plaintiff's claims arise from a mortgage provided by Defendants on August 8, 2006 for the financing of his home located in Valley Center, California. (Compl. ¶1). Defendant National City Bank is the originating lender for the transaction and Defendant Home Loan Services, Inc. ("HLS") is the servicer of the loan. With respect to the federal claims, Plaintiff alleges that Defendants violated RESPA by (1) "fail[ing] to adequately respond to Plaintiff's Qualified Written Requests in violation of RESPA," (Compl. ¶38), and (2) the Settlement Statement produced at the time of loan origination did "not show essential numbers and has 'SAMPLE' printed on all the signature lines. . . [and] cannot qualify as a HUD-1 disclosure." (Compl. ¶39).

The TILA claim arises from allegations that Defendants failed to "[c]learly and conspicuously disclose" (1) the right to rescind the transaction within three days; (2) how to exercise the right to rescission; (3) the effects of rescission; and (4) the date the rescission period expired. (Compl. ¶44). Plaintiff also alleges that Defendants violated TILA by failing to accurately disclose the interest rate, the APR, and the required payments to the lender. (Compl. ¶45).

In an opposed motion, Defendants move to dismiss all federal and state law claims for failure to state a claim. For the reasons set forth below, and until Plaintiff states a federal claim, the court presently declines to consider the state law claims pursuant to 28 U.S.C. §1367.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are

insufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp v. Twombly</u>, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The Federal Claims**

In essence, Defendants argue that both federal claims are inadequately pled because the supporting allegations are too conclusory. The factual allegations supporting a claim must raise "a right to relief above the speculative level. <u>Twombly</u>, 127 S.Ct. 1955. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. <u>Iqbal</u>, 129 S.Ct. 1949.

<u>The RESPA Claims</u>

The court concludes that the complaint's allegations are too speculative to state

a RESPA claim. Plaintiff fails to comply with the minimum pleading standards. The RESPA claim alleges that "Defendants failed to adequately respond to Plaintiff's Qualified Written Requests ("QWR") in violation of RESPA," (Compl. ¶38), and that the Settlement Statement did not "qualify as a HUD-1 disclosure." (Compl. ¶39). With respect to the QWR, Plaintiff fails to identify the dates of any correspondence, whether the request satisfied the statutory definition of a QWR, 12 U.S.C. §2605(c)(1), and whether Defendants took the actions required by 12 U.S.C. §2605. To simply allege that "Defendants failed to adequately respond" to the QWR is a failure to allege a right to relief beyond the speculative level. To state a claim, Plaintiff must do more that parrot the statutory language by setting forth conclusory and uninformative allegations.

With respect to the Settlement Statement, the court also concludes that the allegation that the Settlement Statement failed to "show essential numbers" is insufficient to state a claim. As noted in Iqbal, a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" to state a claim." Iqbal, 129 S.Ct. at 1949. A claim "has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [defendant] is liable for the misconduct alleged." Id. "Where a [claimant] pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

Here, Plaintiff's allegation that the Settlement Statement failed to set forth "essential numbers" is a legal conclusion devoid of factual support. See id. Consequently, the court grants the motion to dismiss the RESPA claim.[1]

---

[1] The court further notes that it is unclear whether there is a private right of action based upon an alleged violation contained in a Settlement Statement. See Morrison v. Brookstone Mortgage Co., Inc., 415 F.Supp.2d 801 (S.D. Ohio 2005). Further, the court notes that it has only addressed those RESPA related claims specifically alleged in RESPA claim. While Plaintiff identifies certain circumstances that could give rise to a separate RESPA claim in the factual background section of the complaint, the court does not reach that issue as it is not pled in the cause of action section.

The TILA Claims

The court similarly concludes that Plaintiff fails to state a claim under TILA. In broad brush, Plaintiff alleges that Defendants violated the Notice of Right to Cancel statutory provisions in that the Notice failed to correctly identify the transaction and to clearly and conspicuously disclose the right to rescind. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" to state a claim." Iqbal, 129 S.Ct. at 1949. There is no factual support for these allegations.[2]

Plaintiff also argues that the TILA disclosure statement is actionable because Defendants deceptively presented the interest rate, the APR was not correctly calculated, and the required payments to the lender were not fully disclosed. (Compl. ¶45). In the absence of additional factual allegations in support of the TILA claim, the court concludes that Plaintiff fails to raise the right to relief beyond the speculative level. Plaintiff fails to articulate how the interest rate, the represented APR, the actual APR, and actual payments were deceptively presented. Until Plaintiff provides further allegations, he fails to show that he is entitled to TILA relief.

In sum, the court dismisses Plaintiff's federal claims for failure to satisfy the pleading standards under Twombly and Iqbal. The court also grants Plaintiff 20 days leave to amend from the date of entry of this order to file an amended complaint. Finally, the parties are advised that the court declines to entertain the supplemental

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] The court notes that Defendants have submitted the actual Notice of Right to Cancel ("Notice"). The Notice appears to disclose rescission related provisions.

state law claims until Plaintiff states a federal claim. Plaintiff is advised that the failure to state a federal claim in an amended complaint may result in the dismissal of the action without prejudice.

**IT IS SO ORDERED.**

DATED: December 1, 2009

Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties