# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE GREETIS,<br><br>                        Plaintiff,<br>vs.<br><br>NATIONAL CITY MORTGAGE;<br>NATIONAL CITY SERVICING,<br><br>                       Defendants. | CASE NO. 09cv1502 JM(JMA)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Defendant PNC Bank, National Association ("PNC"), as successor by merger to National City Bank, p.d.b.a. National City Mortgage (erroneously sued and served as National City Mortgage), moves to dismiss all of Plaintiff's claims contained in the First Amended Complaint ("FAC") for failure to state a claim. Plaintiff Annette Greetis opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the motion to dismiss is granted in part and denied in part. The court denies the motion to the extent Plaintiff states a Qualified Written Request claim under RESPA. The motion to dismiss is granted in all other respects. The court also grants Plaintiff 15 days leave to amend from the date of entry of this order.

**BACKGROUND**

The FAC, filed on December 21, 2009 alleges two federal claims for violation of RESPA, 12 U.S.C. §2605 et seq. and the Truth In Lending Act ("TILA"), 15 U.S.C. §1601 et seq., and six state

law claims for violation of Cal. Bus. Prof. Code §17200, negligent misrepresentation, fraud, rescission, quasi contract, and determination of validity of lien. Plaintiff also seeks an order enjoining any foreclosure proceedings from continuing.

Plaintiff's claims arise from a mortgage provided by Defendants on August 8, 2006 for the refinancing of the mortgages (first and second trust deeds) on his home located in Valley Center, California. (FAC. ¶13). Defendant National City Bank is the originating lender for the transaction and Defendant National City Servicing is the servicer of the loan. (Id. ¶¶2, 3). With respect to the federal claims, Plaintiff alleges that Defendants violated RESPA by failing to adequately respond to three Qualified Written Requests ("QWR") made on November 19, 2008, January 22, 2009 and February 13, 2009 in violation of RESPA. (Id. ¶¶ 36-51). The QWRs broadly "requested information including but not limited to: detailed charges for unpaid principal, interest, escrow, and other charges; interest rate history; a full set of loan-related documents; name, mailing address, phone and fax number of all current owners; documentation and proof of ownership for al owners; confirmation of loan as purchase money, subprime, non-recourse; whether a deficiency would be sought after closure; if the debt is considered an acquisition debt; reasons why any information is not confirmed; intentions as to adverse actions and credit reporting." (Id. ¶¶39, 42, 45). The second portion of the RESPA claim alleges that the HUD sample disclosure made prior to loan origination did not show the contract sales price, amount paid to existing loans, the gross amount due from borrower, the correct interest rate. (Id. ¶48). "As a proximate result of Defendants' breach of duty and all other actions as alleged herein, Plaintiff has suffered severe emotional distress, mental anguish, harm ,humiliation, embarrassment, and mental and physical pain and anguish." (Id. ¶51).

The TILA claim has two parts. First, Plaintiff seeks damages arising from allegations that Defendants failed to accurately disclose the interest rate, the prepayment penalty in the calculation of the APR, and accurate good faith estimates. (Id. ¶¶55-64). The second part of the TILA claim seeks to rescind the contract pursuant to 15 U.S.C. §1635(a), based upon alleged misrepresentations contained in TILA- related disclosures.

On December 1, 2009 the court granted Defendants' Rule 12(b)(6) motion and dismissed the federal claims with leave to amend. The court did not address the state law claims, informing the

parties that the court would decline to entertain the state law claims until Plaintiff stated a federal claim. Plaintiff timely filed the FAC and Defendants once again move to dismiss all federal and state law claims for failure to state a claim. Plaintiff opposes the motion.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

///

**The Federal Claims**

<u>The RESPA Claims</u>

### a. The QWR Claims

PNC argues that the QWR allegations are deficient in that the QWRs themselves are not attached as exhibits to the complaint, the allegations are too conclusory, and Plaintiff fails to allege any facts that there was a basis for a belief by her that the loan amount is in error as required by 12 U.S.C. §2605(1)(B)(i) - (ii). These arguments are not persuasive.

The court notes that there is no requirement that relevant documents be attached to a complaint, nor does PNC cite any authority. The court further notes that the QWR letters are already a part of the court's docket.[1] (Docket No. 14). Addressing the conclusory allegation argument and upon review of the QWR allegations, the court concludes that the allegations, while not a model of clarity, adequately apprise PNC of the nature of the claim asserted against it such that PCN can prepare an adequate answer, conduct discovery, and prepare evidentiary-based motions as required. The FAC identifies the dates of the QWR letters, broadly describes information sought regarding the servicing of the loan as required by Regulation X, 24 C.F.R. §3500.21(e)(2), and alleges that Defendants neither timely responded to the QWRs nor provided all the requested information. (FAC ¶39, 42, 45). Nothing more is required to state a RESPA QWR claim. Lastly, the regulatory scheme provides an alternative to alleging the borrower's belief that the mortgage servicing account is in error. Regulation X provides that a QWR must include "a statement of the reasons that the borrower believes the account is in error, if applicable, **or** that provides sufficient detail to the servicer regarding information relating to the servicing of the loan sought by the borrower." 24 C.F.R. §3500.21(e)(2) (emphasis added). Plaintiff satisfies the regulatory definition of a QWR by providing sufficient information to PNC regarding the servicing of the loan.

In sum, the motion to dismiss the QWR claim is denied.

### b. The RESPA HUD-1 Claim

PNC seeks dismissal of the RESPA claim based upon the Sample HUD-1 form provided to

---

[1] No party disputes the authenticity of these QWR letters.

1 Plaintiff at or before the time of closing.[2] (FAC ¶48; Greetis Decl. Exh. A). Plaintiff broadly alleges that the Sample HUD-1 form fails to disclose the "contract sales price, amounts paid to existing loans, gross amount due from borrower, gross amount paid by/for borrower," (FAC ¶48), and to disclose "all the prepayment penalties in the calculation of the Annual Percentage Rate." (Id. ¶50).[3]

PNC moves to dismiss this claim on several grounds. PNC persuasively argues that certain allegations of non-disclosure are not actionable. For example, Plaintiff alleges that PNC failed to disclose the "contract sales price" of the transaction. However, the underlying financial transaction consisted of a refinancing of earlier obligations, and did not involve the sale of real property. (FAC ¶48).[4] Similarly, there appears to be no gross amounts to or from borrower as the refinancing paid off existing indebtedness. Prepayment penalties also need not be included as a settlement cost because they are contingencies which may never occur and need not be included in the calculation of the Annual Percentage Rate. Further, Plaintiff's allegation that the HUD-1 does not "show essential numbers," (FAC ¶48), fails to demonstrate facial plausibility to state a claim. See Iqbal, 129 S.Ct. at 1949.

Lastly, the court notes two other failings with Plaintiff's HUD-1 claim. First, it is unclear whether 12 U.S.C. §2603 provides a private right of action, Morrison v. Brookstone Mortgage Co., Inc., 415 F.Supp.2d 801 (S.D. Ohio 2005); Bloom v. Martin, 865 F.Supp. 1337, 1384 (N.D. Cal. 1994 ("Congress did not intend to create a private right of action for disclosure violations under 12 U.S.C. §2603."), and Plaintiff fails to address this argument. Second, the claims may be time-barred as the one year statute of limitations appears to apply to Plaintiff's settlement claims. 12 U.S.C. §2614. The court notes that the one year statute, and not the three year statute, likely applies to Plaintiff's settlement statement claims and would be consistent with TILA's one year statute of limitation for

---

[2] HUD-1 is a form provided to buyers and sellers disclosing settlement charges. 24 C.F.R. § 3500.8(a) (1995). The "good faith estimate" is a summary provided to mortgage applicants of the costs they will incur or pay either at or before settlement. 24 C.F.R. §3500.7(c)(2).

[3] The court notes that Plaintiff argues that she never received a final HUD-1 and "only received the 'SAMPLE' HUD-1." (Oppo at p.6:4-5).

[4] The court questions the basis for Plaintiff's information and belief that the underlying transaction involved the sale of real property.

1 violation of TILA. See 15 U.S.C. §1640(e).[5]

2 In sum, the court grants the motion to dismiss the RESPA claim based upon the HUD-1
3 without prejudice.

### The TILA Claims

**a. The Damages Claim**

Here, there is no dispute that, absent equitable tolling, Plaintiff's TILA damages claims are time-barred by 15 U.S.C. §1640(e). TILA's one year statute of limitation may be equitably tolled where a defendant fraudulently conceals the existence of a claim or where, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000).

Here, the court dismisses the TILA damages claims because Plaintiff fails to adequately allege either fraudulent concealment on the part of Defendants or that Plaintiff acted with reasonable diligence in discovering the claim. Plaintiff simply fails to direct the court's attention to any allegations in the FAC giving rise to the tolling of the statute of limitations. The conclusory allegation that Defendants "fraudulently concealed facts upon which the existence of Plaintiff's claim for negligent misrepresentation is based," (FAC ¶53), fails to particularly describe any wrongful conduct on the part of Defendants. The court is also concerned that Plaintiff fails to allege that she acted diligently in discovering any potential claim. Upon amendment, Plaintiff is instructed to set forth the basis for equitable tolling of the statute of limitations.

In sum the court dismisses all TILA damages claims without prejudice.

**b. The Rescission Claim**

Plaintiff seeks rescission based upon allegations that Defendants failed to make required disclosures pursuant to 15 U.S.C. §1635(a) and Regulation Z. (FAC ¶112). "In applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender.'" Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (quoting Ljepava v. M.L.S.C. Props., Inc., 511 F.2d 935, 944 (9th Cir. 1974)). As explained in

---

[5] Upon amending the complaint, the court requests that any further motion practice address the court's concerns regarding the existence of a private right of action under 12 U.S.C. §2603 and whether such an action is subject to a one or three year statute of limitations.

1  Yamamoto, the rescission provision of TILA, 15 U.S.C. §1635(a), and implementing regulation
2  Section 226.23 of Regulation Z,

> provides that the borrower is not liable for any finance or other charge, and that any security interest becomes void upon such a rescission. The statute adopts a sequence of rescission and tender that must be followed unless the court orders otherwise: within twenty days of receiving a notice of rescission, the creditor is to return any money or property and reflect termination of the security interest; when the creditor has met these obligations, the borrower is to tender the property.

329 F.3d at 1170. The Ninth Circuit held that the "statute need not be interpreted literally as always requiring the creditor to remove its security interest prior to the borrower's tender of proceeds." Id. at 1171.

Here, the court concludes that Plaintiff's failure to allege that she is able to tender monies received from Defendants is fatal to her claim for rescission. As noted in Yamamoto, the trial court has the "discretion to condition rescission on tender by the borrower of the property he had received from the tender." Id. Because Plaintiff fails to allege that she is able to tender funds to PNC upon rescission, the court grants the motion to dismiss.

Plaintiff also argues that the she is entitled to rescind the transaction because Defendants failed to make "all 'material' disclosures" required by 15 U.S.C. §1635(a). (FAC ¶112). In the absence of additional factual allegations in support of the TILA rescission claim, the court concludes that Plaintiff fails to raise the right to relief beyond the speculative level. See Iqbal, 129 S.Ct. at 1949. The motion to dismiss the rescission claim is granted.

**The State Law Claims**

The court presently declines to reach the merits of Plaintiff's state law claims until after Plaintiff has had adequate opportunities to amend her federal claims.

In sum, the court dismisses all federal claims except the RESPA claim based upon the three QWRs. As Plaintiff requests leave to amend, the court grants Plaintiff 15 days leave to amend from the date of entry of this order. In the event that Plaintiff fails to state a claim for anything other than

/ / /

/ / /

/ / /

a QWR claim, the parties are advised that the court will request further briefing on whether the court should exercise supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

**IT IS SO ORDERED.**

DATED: February 24, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties